UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA SIMPSON,

        Plaintiff,                                Civil Action No. 21-12326

vs.                                                    HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION & ORDER**
**(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 18); (2) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (R&R) (Dkt. 17); (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 13); (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 15); AND (5) AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Paula Simpson seeks judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income under the Social Security Act. Simpson and the Commissioner filed cross-motions for summary judgment (Dkts. 13, 15). The magistrate judge issued an R&R recommending that the Court deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's decision (Dkt. 17). Simpson filed objections to the R&R (Dkt. 18), and the Commissioner filed a response to Simpson's objections (Dkt. 19). For the reasons that follow, the Court overrules Simpson's objections and adopts the recommendation contained in the R&R.

# I. BACKGROUND

In her applications, Simpson alleged disability based on chronic pain, depression, hypertension, right-sided weakness, an unsteady gait, a history of falling, and chronic arthritis. R&R at 1–2. Administrative Law Judge (ALJ) Kari Deming, engaging in the five-step disability analysis, found at steps one and two that Simpson had not engaged in substantial gainful activity since the alleged onset date of her disability, and that she had the following severe impairments: "cervical degenerative disk disease, status post anterior cervical discectomy and fusion at C3, C4, C5, and C6, and osteoarthritis of the bilateral knees." Id. at 4–5 (punctuation modified). The ALJ found that the following impairments were not severe: "bursitis, right shoulder; depression; hypertension; and inflammatory conditions of the jaws– osteomyelitis of the left mandible, status post excision of mandibular lesion." Id. at 5 (punctuation modified). The ALJ found that Simpson had only mild psychological limitations. Id.

However, at step three, the ALJ found that none of Simpson's impairments met or medically equaled an impairment listed in the regulations. Id. The ALJ found that Simpson had a residual functional capacity (RFC) to perform light work with certain limitations. Id. At step four, the ALJ determined that Simpson could not perform any past relevant work but found that she had transferable skills to the light-exertion position of unit clerk and the sedentary position of receptionist. Id. at 5–6. At step five, the ALJ denied Simpson's application for benefits, finding that there are a significant number of jobs in the national economy that Simpson could perform. Id. at 6.

On appeal, Simpson challenged the ALJ's RFC determination as unsupported by substantial evidence because the ALJ determined that Simpson did not require use of an assistive device. Pl. Mot. for Summ. J. at 1. The magistrate judge determined, however, that the ALJ's

finding that Simpson did not require the use of an assistive device was well-supported and explained. R&R at 26. For example, the ALJ cited October 2018 medical records that showed no muscle aches, arthralgias, or joint pain. Id. at 27. The ALJ noted that Simpson used a cane at a May 2019 appointment but had a normal musculoskeletal exam. Id. The ALJ also acknowledged November and December 2019 reports of edema of the knee and periodic use of a cane, but noted that after December 2019 physical therapy, Simpson was able to walk without a cane and declined steroid injections for her knees. Id. The ALJ acknowledged Dr. Shelby Lane's conclusion that Simpson required the use of a cane but found that opinion unpersuasive because (i) Simpson was able to walk without a cane after January 2020 physical therapy, and (ii) Simpson completed Dr. Shelby Lane's examination, which included postural and range-of-motion testing, without using a cane. Id. The ALJ found Dr. Purvi Patel's conclusion that Simpson was unable to perform even sedentary work unpersuasive for the same reasons. Id. The ALJ adopted Dr. Sonia Ramirez-Jacob's finding that Simpson did not require use of an assistive device instead. Id.

The magistrate judge also determined that even if the ALJ's finding that Simpson did not require the use of an assistive device was not adequately supported, such an error would be harmless in light of the ALJ's alternative step-four finding that Simpson had transferrable skills from her past relevant work that would enable her to perform the sedentary job of receptionist, because this conclusion also supported a finding of non-disability. Id. at 28.

## II. ANALYSIS

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." Ealy v. Comm'r of Soc.

3

Sec., 594 F.3d 504, 512 (6th Cir. 2010) (punctuation modified). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (punctuation modified). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by" the ALJ. Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

Simpson objects to the magistrate judge's R&R on three grounds. Simpson first objects to the magistrate judge's conclusion that the ALJ's finding that Simpson did not require the use of an assistive device was well-supported and explained. Obj. at 1–2. Next, Simpson appears to object that the magistrate judge erroneously found that a vocational expert's testimony supported a denial of benefits based on Simpson's ability to perform her past work. Id. at 2–4. Finally, Simpson objects to the magistrate judge's conclusion that Simpson would have transferable skills even if limited by use of an assistive device. Id. at 4. The Court addresses each objection in turn.

### A. Objection One: Assistive Device Finding

Simpson first objects to the magistrate judge's conclusion that the ALJ's finding that Simpson did not require use of an assistive device is well-supported and explained. Id. at 1–2. Simpson argues that the magistrate judge's analysis "diminishes the regulatory requirements laid out by the Agency itself, which insist that an explanation of the medical opinions, particularly the opinion's consistency and supportability, will be provided to the claimant in the Agency's determination." Id. (citing 20 CFR §§ 404.1520c(b), 416.920c(b)). However, the magistrate judge has already canvassed the support in the record for the ALJ's conclusion that an assistive device

4

is not needed. See R&R at 26–28. While two medical sources made findings that Simpson required use of an assistive device, "those findings are contradicted by other portions of the record including normal exam findings, Plaintiff's observed ability to walk without the use of a cane, and Dr. Ramirez-Jacob's opinion that Plaintiff did not require the use of a cane." Id. at 28.

Simpson's first objection is overruled.

### B. Objection Two: Vocational Expert Testimony and Ability to Perform Past Work

Next, Simpson appears to argue that the magistrate judge erroneously found that a vocational expert's testimony supported a denial of benefits based on Simpson's ability to perform her past work. Obj. at 2–3. But the R&R did not conclude that there was any support for the proposition that Simpson is able to perform her past relevant work. Instead, the magistrate judge explained that the ALJ found Simpson had transferable skills that would enable her to perform the sedentary job of receptionist. R&R at 28–29. The magistrate judge also explained that while the ALJ concluded that Simpson did not require the use of an assistive device, the ALJ relied on the vocational expert's testimony to find that even if Simpson did require use of such a device, she would still be able to perform the sedentary job of receptionist. Id.

Simpson's second objection is therefore overruled.

### C. Objection Three: Transferable Skills with Use of Assistive Device

Simpson next objects to the magistrate judge's determination that Simpson would still have transferable job skills even if she required the use of a handheld assistive device. Obj. at 4. This argument has previously been thoroughly briefed. Id. ("As argued in the Plaintiff's opening brief, there is no substantial evidence to support that an individual limited with the use of a hand-held assistive device and Plaintiff's past work would have transferable skills."); see also Def. Mot. for Summ. J. at 8–10. Simpson "continues to argue that the Court's ruling in Kowalewski applies and

5

that as part of this Court's obligation to review for both substantial evidence and compliance with controlling law, the ALJ's failure to address Plaintiff's need for a hand-held assistive device with the vocational expert requires remand." Obj. at 4 (citing Kowalewski v. Comm'r of Soc. Sec., No. CV 15-13325, 2017 WL 976725, at *8 (E.D. Mich. Mar. 14, 2017) (denying defendant's motion for summary judgment and remanding for further proceedings in part because "a question remain[ed] as to whether Plaintiff's use of a cane would interfere with the performance of even sedentary work with a sit/stand option")).

The magistrate judge has already correctly explained that the vocational expert in the present case "stated explicitly that the use of a handheld device while performing the medical receptionist position was not preclusive of the actual job tasks" and that the ALJ relied on this testimony to support the finding that the job of medical receptionist would still be within Simpson's RFC even if Simpson was limited to sedentary work with use of an assistive device. R&R at 29 (punctuation modified). The magistrate judge also correctly distinguished the present case from Kowalewski on the grounds that (i) unlike the plaintiff's RFC in Kowalewski, Simpson's RFC does not include a sit/stand option, and (ii) the vocational expert in this case clearly stated that the medical receptionist position could be performed even with use of an assistive device. Id. at 30. Simpson points to no flaw in this reasoning.

Simpson's third objection is therefore overruled.

### III. CONCLUSION

For the foregoing reasons, the Court overrules Simpson's objections (Dkt. 18) and adopts the magistrate judge's recommendation (Dkt. 17). Accordingly, the Court denies Simpson's

6

motion for summary judgment (Dkt. 13), grants the Commissioner's motion for summary judgment (Dkt. 15), and affirms the Commissioner's decision.

SO ORDERED.

Dated: March 27, 2023  s/Mark A. Goldsmith
      Detroit, Michigan  MARK A. GOLDSMITH
                         United States District Judge